**The UNITED STATES of America, Plaintiff,**

v.

**Thomas L. THORPE, Defendant.**

No. 73-Cr-155.

United States District Court, E. D. Wisconsin.

Dec. 13, 1973.

raised in other cases before this court, upon which rulings are not yet ready, I will not now resolve this motion to dismiss on those grounds. Three of the remaining four grounds which have been advanced challenge, for due process reasons, various aspects of the processing which the defendant's file received at the hands of his local board.

The defendant contends that the instant indictment should be dismissed because a quorum of his local board was not present at the meeting at which his request for classification as a conscientious objector was reviewed. However, while the list of local board members originally supplied to the defendant by the government contains seven names, the Wisconsin State Selective Service headquarters indicated in a letter dated October 16, 1973, that the "listing of 7 members was merely a list of all persons who had served as board members as requested in the discovery motion. Three of these members had been terminated and were not members of the Board" at the time in question. The letter specifies that only four persons were members of the defendant's local board at the relevant time. Therefore, since the record shows that three out of four, as opposed to three out of seven, local board members were present at the relevant meeting, I believe that the defendant's motion to dismiss on the failure of quorum ground is without merit.

The defendant next urges that the procedure of his local draft board in reviewing the classifications of some 229 registrants, including the reclassification of himself from "0" to "1–A", during a three-hour meeting on another occasion, operated as an unconstitutional denial of his fifth and fourteenth amendment rights to due process. I believe that the reasoning contained in United States v. Brown, 338 F.Supp. 409, 418 (N.D.Ill.1972), which rejected a similar "time averaging" contention, is sound, and that the defendant's motion to dismiss on this ground is without merit.

David B. Bukey, U. S. Atty., by D. Jeffrey Hirschberg, Milwaukee, Wis., for plaintiff.

Seymour Gimbel, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant seeks the dismissal of the instant indictment on six grounds. Grounds one and two concern the constitutionality of the total exclusion of women under the Military Selective Service Act. Because this same issue is

The defendant maintains in his fifth ground for dismissal that, given his apparent mental limitations, the failure of his local draft board to assist him in presenting his claims of exemption from a "1–A" classification was a denial of due process. However, the defendant has failed to present any evidence that due process was indeed denied him, and he advances no authority supportive of his theory that he was denied any right to assistance in the context of his draft status determination.

Finally, I find no support for the defendant's contention that the department of defense's modification of its random sequence draft numbers used, from a high of 75 to one of 95, was an unconstitutional application of the Military Service Act of 1967, as amended.

Therefore, it is ordered that the defendant's motion to dismiss the instant indictment on the failure of quorum, the time averaging, the denial of assistance, and the illegal number modification grounds, is denied. An order as to the defendant's motion to dismiss on grounds going to the constitutionality of the total exclusion of women under the Military Service Act will not be made at this time.